```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  MARY L. GRAD
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2763
 5
```




FILED

JUN 1 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION FOR PEN REGISTER, TRAP AND TRACE DEVICE, CALLER IDENTIFICATION SERVICE, AND CELL SITE, BILLING, AIR TIME, AND SUBSCRIBER INFORMATION | 2:05-SW 0 0 1 2 5  PAN<br><br>**O R D E R**<br><br>**UNDER SEAL** |

This matter has come before the Court pursuant to an Application under Title 18, United States Code, Sections 3122 and 2703 by Mary L. Grad, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device(s), trap and trace device(s), dialed number interceptor(s), number search device(s), and caller identification feature, and cell site, billing and subscriber information corresponding to the cellular telephone(s) currently identified by telephone number **(209)986-4236, ESN 04213394824**; or to any cellular telephone subsequently assigned to an instrument bearing the same ESN as the subject telephone number(s), or any changed ESN subsequently assigned to the same telephone number as the subject telephone number(s), and directing Verizon Wireless, Metro PCS, Cingular

1 Wireless, Sprint Spectrum, L.P., AT&T Wireless services, GTE
2 Wireless Inc., VIA Wireless Services, Nextel Communications,
3 Pacific Bell Telephone Company, SBC Communication, AT&T, GTE,
4 U.S. Sprint, MCI, Citizens Utilities, and any other involved
5 telephone company, to disclose certain related subscriber,
6 billing, cell site, and toll call information.
7     The Court finds that the applicant has certified and
8 provided specific and articulable facts showing that there are
9 reasonable grounds to believe that the cell site and other
10 information sought is relevant and material to an ongoing
11 criminal investigation. to wit, that: the DEA and other federal,
12 state and local law enforcement agencies are conducting a
13 criminal investigation of Gilberto Beltran and others in
14 connection with possible violations of Title 21, United States
15 Code, Sections 841(a)(1) and 846, Conspiracy to Distribute
16 Methamphetamine; that agents believe that cellular telephone
17 number **(209)986-4236, ESN 04213394824,** is being used in
18 furtherance of the subject offense; and that the information
19 likely to be obtained from the pen register and trap and number
20 search device is relevant to the ongoing criminal investigation.
21     The Court further finds that the government has made a
22 showing that there is reason to believe that notification or
23 disclosure by Verizon Wireless, Metro PCS, Cingular Wireless,
24 Sprint Spectrum L.P., AT&T Wireless services, GTE Wireless Inc.,
25 VIA Wireless Services, Nextel Communication, Pacific Bell
26 Telephone Company, SBC Communication, AT&T, GTE, U.S. Sprint,
27 MCI, Citizens Utilities, and any other involved telephone
28 company, of the existence of the investigation, the existence of

the pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature, or the request for, cell site, subscriber, billing, and other relevant information will (1) endanger the life or safety of government agents or confidential sources; (2) cause the subjects to flee to avoid prosecution; or (3) seriously jeopardize the investigation in that the suspects will stop using their telephones, begin using pay telephones, or move their illegal operations elsewhere.

In addition, the Court finds that the DEA does not currently possess or have reasonably available to it the technology to prevent the recording of numbers dialed as numerical codes or messages by the pen register.

The Court also finds that good cause exists for permitting the DEA to obtain information from the trap and trace device, dialed number interceptor, number search device, and caller identification feature, and cell site information, whether the calls originate in the United States or a foreign nation.

IT APPEARING that the numbers dialed or pulsed to or from telephone number **(209)986-4236, ESN 04213394824;** and any other cellular telephone numbers subsequently assigned to an instrument bearing the same ESN as the subject telephone number, or any changed ESN subsequently assigned to the same telephone number as the subject telephone number, are relevant to an ongoing criminal investigation of the specified offenses, THE FOLLOWING IS HEREBY ORDERED:

1.  Pursuant to Title 18, United States Code, Section 3123, agents of the DEA may install and use a pen register to register

1  numbers dialed or pulsed to or from telephone number **(209)986-**
2  **4236, ESN 04213394824;** to record the date and time of such
3  dialings or pulsings, and to record the length of time of such
4  dialings or pulsings, and to record the length of time the
5  telephone receiver in question is off the hook for incoming or
6  outgoing calls for a period of sixty (60) days from the date of
7  this Court's order, and that this authorization applies not only
8  to the target telephone number listed above, but to any changed
9  cellular telephone numbers subsequently assigned to the same ESN
10 utilized by the target telephone within the sixty (60) day
11 period.
12     2.    Pursuant to Title 18, United States Code, Sections 3123
13 and 2703(d), Verizon Wireless shall install, program, and/or use
14 equipment in order to trap, trace, and identify the telephone
15 numbers of the incoming calls to telephone number **(209)986-4236,**
16 **ESN 04213394824,** or any other cellular telephone numbers
17 subsequently assigned to an instrument bearing the same ESN as
18 the subject telephone number(s), or any changed ESN subsequently
19 assigned to the same telephone number as the subject telephone
20 number(s), and provide the name and address and subscriber of
21 record, whether published or unpublished, of each identified
22 incoming call and where possible, provide the time and duration
23 of each call, and continue the operation of such trap and number
24 search activity for a period not to exceed sixty (60) days from
25 the date of this Court's Order.  Verizon Wireless will satisfy
26 the requirements of this portion of the Order by providing said
27 subscriber information (credit information, billing information,
28 long distance carrier, and any other telephone number subscribed

1  to by the same subscriber for each numerically different
2  telephone number called to or called from) only once for each
3  number and is not required to produce subscriber information on
4  each telephone call. The use of the trap(s) and number search
5  device(s) shall not be limited to calls originating in
6  California, but only to the extent that such request does not
7  impose additional burdens on Verizon Wireless; if such geographic
8  limitations is unduly burdensome, the use of the trap and number
9  search device(s) may be international in scope.

10      3.  Pursuant to Title 18, United States Code, Sections 3123
11  and 2703(d), that Verizon Wireless shall examine cellular
12  telephone number **(209)986-4236, ESN 04213394824;** and determine if
13  it is equipped with the Caller Identification feature as is
14  supplied to some retail customers. If said telephone line is not
15  equipped with the Caller Identification feature but the equipment
16  for said feature is available, Verizon Wireless is directed to
17  add to the existing service the Caller Identification feature
18  with no record of said feature going to the subscriber(s).
19  Verizon Wireless shall be compensated by the government for any
20  additional expenses for installing the Caller Identification
21  feature, and Verizon Wireless' use of the Caller Identification
22  feature will serve as a substitute for the use of a trap and
23  number search device. Verizon Wireless shall take all necessary
24  precautions to ensure that the addition of said feature, or any
25  activity relating to said feature, shall not be reflected on the
26  customer's bill or in any other way be disclosed.

27      4.  Pursuant to Title 18, United States Code, Section
28  3123(b)(2), Verizon Wireless shall furnish DEA agents forthwith

1 | all information, facilities, and technical assistance necessary
2 | to accomplish the installation and use of the pen register
3 | device(s), trap and trace device(s), dialed number
4 | interceptor(s), number search device(s), and caller
5 | identification feature unobtrusively and with minimum
6 | interference with the services that are accorded persons with
7 | respect to whom the installation and use is to take place.
8 |     5.   Verizon Wireless shall furnish the investigating agents
9 | the telephone numbers associated with any speed dialing codes
10 | dialed or pulsed from cellular telephone number **(209)986-4236,**
11 | **ESN 04213394824,** or any other cellular telephone numbers
12 | subsequently assigned to an instrument bearing the same ESN as
13 | the subject telephone number(s), or any changed ESN subsequently
14 | assigned to the same telephone number as the subject telephone
15 | number(s).
16 |     6.   Verizon Wireless shall provide DEA agents with cell
17 | site information for cellular telephone number **(209)986-4236, ESN**
18 | **04213394824,** or any other telephone numbers subsequently assigned
19 | to an instrument bearing the same ESN as the subject telephone
20 | number(s), or any changed ESN subsequently assigned to the same
21 | telephone number as the subject telephone number(s), on a
22 | continuing basis for sixty (60) days from the date of this
23 | Court's order.
24 |     7.   Pursuant to Title 18, United States Code 2703 (d),
25 | Verizon Wireless shall furnish Special Agent Gary Cummings or any
26 | agent of the DEA with notice of any change in service involving
27 | telephone number **(209)986-4236, ESN 04213394824;** all billing
28 | records, toll records, credit cards bills, and call forwarding

-6-

information for telephone number **(209)986-4236, ESN 04213394824,** on a continuing basis for a period of sixty (60) days from the date of this Court's Order.

8.  Pursuant to Title 18, United States Code, Section 2703 (d), Verizon Wireless, Metro PCS, Cingular Wireless, Sprint Spectrum, L.P., AT&T Wireless Services, GTE Wireless Inc., VIA Wireless Services, Nextel Communication, Pacific Bell Telephone Company, SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone companies shall furnish DEA agents with subscriber information for all telephone numbers dialed or pulsed to or from telephone number **(209)986-4236, ESN 04213394824,** as recorded by the pen register device, and for all telephone numbers placing calls to telephone number **(209)986-4236, ESN 04213394824,** as recorded by the trap and number search devices or the Caller Identification feature for a period of sixty (60) days from the date of this Court's Order.

9.  Authorizing Verizon Wireless to provide facilities on its network that will allow interception of this subject across local access and transport areas, i.e. "L.A.T.A." boundaries;

10. Verizon Wireless shall be compensated by the government for reasonable expenses incurred in providing facilities and technical assistance in connection with the pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature.

11. Pursuant to Title 18, United States Code, Sections 3123 (d) and 2705 (b), this Order and the Application shall be sealed until otherwise ordered by the Court, and Verizon Wireless, Metro PCS, Cingular Wireless, Sprint Spectrum, L.P., AT&T Wireless

1  services, GTE Wireless Inc., VIA Wireless Services, Nextel
2  Communication, Pacific Bell Telephone Company, SBC Communication,
3  AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other
4  involved telephone company, shall not disclose the existence of
5  the investigation, the existence of the pen register device(s),
6  trap and trace device(s), dialed number interceptor(s), number
7  search device(s), and caller identification feature, or the
8  request for subscriber, billing, and other relevant information
9  to the listed subscribers, or to any other person, unless or
10 until otherwise ordered by the Court.

**SO ORDERED.**

DATED: __JUN 0 1 2005__

PETER A. NOWINSKI
UNITED STATES MAGISTRATE JUDGE